### BLATNIK v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7658. Decided Nov. 22, 1926

465. ERROR—Procedure with respect to the disposal of seized liquor becomes one of the powers of the court as laid down in 6212-16 GC., and a denial of a motion for a hearing upon the question of the return of the property, depriving the owner of his rights as provided by law is prejudicial error.

1277. WORDS AND PHRASES—The term "give away" and "possess" shall not apply to intoxicating liquor in a bona fide private dwelling.

SULLIVAN, J.

Deputies with a search warrant issued by the Mayor of the Village of Linndale, on April 15, 1926, searched the private residence of Charles Blatnik and discovered two barrels of wine. A sample of the liquid was taken and the remaining portion was soon after destroyed. Later on, before trial, a motion was made for the return of the property, but a hearing thereon was summarily denied and proceeding to trial upon the merits of the case, a conviction was had, the judgment being affirmed by the Cuyahoga Common Pleas under 6212-15 GC., on error proceedings.

Error was prosecuted on these judgments by Blatnik on the ground that the court committed error in denying a hearing upon the motion for the return of the liquid and that the record conclusively shows that the building was the private home and dwelling of Blatnik. The Court of Appeals held:

1. It has been frequently held that if no motion or petition is filed for a hearing upon the question of the return of the liquor, a general exception to the evidence offered at the trial is of no avail.

2. The converse is true, that where a hearing i sdenied upon a motion or a petition, then an objection to the evidence might be sustained.

3. The hearing upon the motion and the trial upon the merits of the case are two separate and independent proceedings and the hearing with respect to the return of the liquor shall be held prior to the trial as to the merits of the cause, if the motion is filed, and hearing had thereon is in the nature of a condition precedent to the proceedings upon the merits of the case.

4. Under such a proceeding the person charged is entitled to show that the property seized is one of the inhibitions of the law, and if he sustains his case under the proof required, then there is no necessity for the trial of the case upon its merits, because the subject matter is contraband.

5. The motion for a hearing on the question of the return of the liquor in the instant case could only apply to the samples taken for the reason that the bulk of the liquid had been destroyed with the barrels by the officers seizing the property without authority of the law; as the procedure with respect to the disposal of the seized property becomes one of the powers of the court as set forth in 6212-16 GC.

6. There was prejudicial error in the denial of the motion for a hearing and Blatnik was prejudicde thereby in his rights by being denied the procedure in his behalf provided by law. 32 O. C. A. 433.

7. There is an utter lack of evidence fixing the status of the dwelling otherwise than as a private house and residence of Blatnik, as there is also a lack of evidence that he was in any manner trafficking in the liquid; and the issuing of the search warrant was therefore contrary to 6212-16 GC.

8. The affidavit charges the possession of intoxicating liquors; but in view of subdivision two of 6212-14 GC. which provides that "the term 'give away' and the term 'possess' shall not apply to intoxicating liquor in a bona fide private dwelling" the judgments of the lower courts are reversed and plaintiff in error is discharged.

Judgment reversed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Tolles, Hogsett, Ginn & Morely for Blatnik; George A. Hurley for State; all of Cleveland.