## DONAHUE v STATE

Ohio Appeals, 4th Dist, Vinton Co

Decided April 3, 1929

Louis M Day, Chillicothe, for Donahue.
C O Chapman, McArthur, for State.

BY THE COURT

In the original prohibition law the giving away or possession of intoxicating liquor was denounced generally as an offense, but part of **Section 6212-14 GC** provided that in the interpretation of that act

"The terms 'give away' and 'possess' shall not apply to intoxicating liquor in a bona fide private dwelling."

It is unquestionably true that the possession proved against Donahue was not an offense under the law as originally passed containing the foregoing interpretation. Later, however, the general assembly passed what is now **Section 6212-27 GC** by which it limited and defined the term "bona fide private dwelling" as above quoted by providing that

"no place shall be regarded as a bona fide private residence under the laws prohibiting the liquor traffic wherein liquors are possessed which have been illegally manufactured or obtained."

The effect of the last quoted provision was to so limit the first quoted provision as to take from a private dwelling all the immunity that such dwelling had theretofore had in case such dwelling was a place containing liquors which had been either illegally manufactured or illegally obtained. Some of the cases dealing with this question seem to take the view that the language just quoted from Section 6212-27 GC modifies the law defining a private residence only so far as the right to search is concerned and that it does not affect the statute so far as defining the offenses of possessing or giving away intoxicating liquors is concerned. We can not adopt that view. If the presence in a dwelling house of intoxicating liquors illegally manufactured or illegally obtained deprives such house from immunity from search because such dwelling has thereby ceased to be a bona fide private residence it can not be said to be a bona fide residence for any other purpose so far as the liquor laws are concerned. The two sections referred to are in pari materia and must be read together. If a dwelling house can be made a store house for contraband liquor in which the bootlegger may give it away with impunity or from which he can emerge to carry on his trade it would be of but little value for the state to have the privilege of searching such a house if it could do nothing with the store of liquors developed by such search. The Supreme Court in **State v. Sabo, 108 OS. 200,** indicates that dwelling houses lose their character of bona fide

residences whenever, among other things, it is shown that there was present liquor which had been illegally manufactured. We do not consider it worth while to review the several opinions of the Courts of Appeals touching the same question. They are not in harmony.

The conclusion at which we have thus arrived is in conflict with **Blantnik v. State, 23 Ohio App. 137.** The plaintiff in error in this case is entitled to have the case certified to the Supreme Court upon this conflict and such certificate will be awarded if he so desires.

The judgment is affirmed.

Middleton, PJ, Mauck and Blosser, JJ, concur.