STATE v GRUESER

Ohio Appeals, 4th Dist, Meigs Co

Decided April 6, 1929

Dana H Peoples, Pomeroy, for State.
Rallston Russell, for Grueser.

BY THE COURT

This court does not adhere to that view. As determined by us in the case of Donahue v. State of Ohio in Vinton County this court is of the opinion that the possession of intoxicating liquor is unlawful even tho its possession is confined to the dwelling of its possessor in case such liquor is either unlawfully manufactured or unlawfully obtained.

In the instant case it has not been sufficiently shown that the liquor possessed by Grueser was either unlawfully manufactured or unlawfully obtained. It evidently was manufactured by Grueser, but whether manufactured before or after such manufacture was unlawful in Ohio is not clear. The judgment of reversal entered by the Court of Common Pleas is modified to the extent that the accused is not discharged from custody but that the case is remanded to the Probate Court to try out the question of whether or not the liquor in question was manufactured by the accused at a time when its manufacture was unlawful.

A copy of the opinion of this court in Donahue v. State of Ohio in Vinton County is filed herewith.

Our judgment in this case, modifying the judgment of the Court of Common Pleas,

is in conflict with the decision and judgment of the Court of Appeals of the eighth district of Ohio in **Blatnick v. State, 23 Ohio App. 137.** If the defendant in error so desires the case will be certified by us to the Supreme Court as being in conflict with that decision, otherwise the case is remanded to the Probate Court of Meigs County for a new trial.

Middleton, PJ, and Mauck, J, concur.