### MARKS v STATE

Ohio Appeals, 6th Dist., Ashland Co
Decided April 8, 1931

L. A. Straits, for Marks.

H. E. Culbertson, Ashland, Prosecutor, for State.

MONTGOMERY, J.

There are a number of assignments of error, all of which have been considered, but only one of which do we deem it necessary to discuss, finding the other assignments not well taken.

Complaint is made on the part of the plaintiff in error that the Court of Common Pleas, before hearing this action, refused to hear a motion or petition then filed for the return to the plaintiff in error of the intoxicating liquor, for the possession of which he was charged.

It is a well recognized rule of the courts of Ohio, to which rule this court adheres, that, when a motion or petition is filed for the return to the defendant of the intoxicating liquor, the motion or petition must be heard by the court before whom the motion or petition is filed prior to the trial of the criminal prosecution. See **Gilmore v State, 15 Oh Ap, 432; Blatnik v State, 23 Oh Ap, 137.**

In the case at bar the record shows the following situation:

"After the opening of the day's session of court and before the impaneling of the jury to try the case, a motion was made by L. A. Straits, counsel for the defendant, for the return of the seized property, dismissal, and order for the sheriff to return same, which motion was duly argued orally to the court, and the court refused to permit the defense to introduce any witnesses in support of said motion and a copy of which motion, in writing, is hereto attached, and made a part of this bill of exceptions.

"Whereupon, the court announced that it would defer passing on the motion at that time, but would do so at the conclusion of the evidence, and exceptions were noted."

Just before the concluding of the state's evidence the prosecutor offered Exhibit A, a glass jug containing the liquor which had been identified as the jug taken from the premises of the plaintiff in error. No exception was taken to the offering of this jug.

At the conclusion of all the evidence, and just prior to the arguments of counsel, the record shows this statement: "The motion referred to upon page 3 of the bill of exceptions was by the court overruled and exceptions were noted."

It is contended by the state that no error was committed by the trial court in refusing to pass upon this motion or petition prior to the trial under the indictment, because the matter had been passed upon by the examining court, and because the motion was not seasonably made in the Court of Common Pleas. In our judgment neither of these contentions is well taken. The examining magistrate had no power or authority other than to inquire into whether or not a crime had been committed and whether there was probable cause for believing the accused guilty and binding him over to a higher court. The purpose of such motion or petition for the return of liquor is to determine whether or not this liquor was lawfully possessed by the accused, and if it be returned to him it is not then available for evidence against him. In the absence of any evidence against him his discharge naturally results. However, it does not follow that an examining magistrate can declare evidence to be competent and thereby bind a court of record, the trial court, so that the latter shall be obliged to accept in evidence something on which an examining magistrate has made a ruling. Such a conclusion would be absurd. The court before whom the indictment is to be tried is the court who should determine the competency of the evidence, and he is the court who should hear the motion or petition filed for the purpose of determining the ownership of the liquor or whether or not it was properly seized.

It is true that the motion was not filed until the morning of the trial. This dilatory practice is not to be commended, but we are of the opinion that a man has the right to file a petition at any time before he is actually placed upon trial charged with the offense. He has the right to claim his property, just the same as a judgment debtor has the right to claim property as exempt at any time before the actual sale.

The serious question which arises in this connection is whether or not the plaintiff in error waived this right by permitting the introduction in evidence of the liquor seized, without objection. Such a situation is shown by the record. The sole purpose of the petition or motion for the return of the liquor is to determine its ownership and whether or not it was taken under such circumstances as to make it available in evidence. If, as a matter of fact, the defendant, sits by and permits it to be introduced in evidence against him without objection, he cannot thereafter complain.

Finding no error in this record, other than the refusal of the court to hear evidence on this motion, and finding that the defendant

has waived his right to insist upon this motion, the judgment of the Court of Common Pleas, is affirmed, and this cause is remanded to that court for execution.

SHERICK, PJ, and LEMERT, J, concur.