The **STATE** of Ohio, Appellee,

v.

**COOPER**, Appellant.

[Cite as *State v. Cooper* (1991), 71 Ohio App.3d 471.]

Court of Appeals of Ohio,
Scioto County.

No. 1864.

Decided March 18, 1991.

*William T. Marshall,* for appellee.

*Joseph L. Hale,* for appellant.

---

GREY, Judge.

This is an appeal by the defendant, Steve Cooper, from a decision of the Portsmouth Municipal Court finding him guilty of advertising Class C fireworks in violation of R.C. 3743.65(F).

The record reveals the following facts. Cooper is the owner of Wheelersburg Fireworks and is licensed by the state of Ohio to sell Class C fireworks. On June 28, 1989, Deputy Greg Dunham of the Scioto County Sheriff's Department found twelve business cards and handbills at the Sohio gas station in Wheelersburg, Ohio, advertising the sale of fireworks at Cooper's business in Wheelersburg. The cards and handbills pictured firecrackers with the words "bang" and stated, "Over 250 Types of Fireworks Open to the Public Year Round." The handbills included the following list of some of the available items: "Aerial displays, family pack assortment, bottle rockets, firecrackers, holiday shells, roman candles, battle of the south, 8 oz. rockets, planes."

A complaint was filed against Cooper on June 30, 1989, alleging that he unlawfully advertised Class C fireworks for sale in violation of R.C. 3743.65(F). Cooper's subsequent motion to dismiss, challenging the constitutionality of R.C. 3743.65(F), was overruled by the court. A trial was held on

November 21, 1989.   Cooper was found guilty of violating R.C. 3743.65(F) and fined $100 and costs.   He filed a timely notice of appeal to this court setting forth four assignments of error.

A discussion of the law on the sale and possession of fire works in Ohio is necessary.   R.C. 3743.01(D) states that " 'Class C fireworks' are fireworks classified as Class C fireworks by the state fire marshal * * *."   At trial, Chief Billy J. Phillips of the State Fire Marshal's Office testified that Class C fireworks are fireworks that contain at least .25 grams of fireworks composition and include bottle rockets, firecrackers, holiday shells, roman candles, the "battle of the south," eight-ounce bottle rockets, and planes.

The Ohio Revised Code provides for licensing of manufacturers and wholesalers, sale, purchase, and possession of fireworks in Ohio.   Manufacturers and wholesalers of fireworks must be licensed by the State Fire Marshal.   See R.C. 3743.02 and 3743.15.   A nonresident of the state may purchase and obtain possession of fireworks from a licensed manufacturer or wholesaler but must transport the fireworks so purchased directly out of this state within seventy-two hours after the time of their purchase.   See R.C. 3743.44.   An Ohio resident can purchase and obtain possession of Class C fireworks only from a licensed manufacturer or wholesaler and also must transport the fireworks directly out of this state within forty-eight hours.   See R.C. 3743.45. Each Ohio resident and nonresident purchaser shall complete a purchaser's form which includes the destination where the fireworks will be transported. See R.C. 3743.44 and 3743.45.   R.C. 3743.65 provides that no person shall possess fireworks in this state or possess for sale or sell fireworks except a licensed manufacturer or wholesaler, a nonresident transporting the fireworks out of state within seventy-two hours after the purchase, or a resident transporting the fireworks out of state within forty-eight hours of purchase.

R.C. 3743.65(F) states that:

"No person shall advertise Class C fireworks for sale.   A sign located on a seller's premises identifying him as a seller of fireworks is not the advertising of fireworks for sale."

A violation of R.C. 3743.65(F) is a first degree misdemeanor for the first offense, but all subsequent violations are punishable as felonies of the fourth degree.   See R.C. 3743.99(C).

Cooper argues that R.C. 3743.65(F) is unconstitutional because it deprives him of a property right without due process of law, places an undue and unreasonable burden upon his ability to engage in interstate commerce, and deprives him of his right of free speech.   We will address each of these claims individually.

### First Assignment of Error

"Ohio Revised Code 3743.65(F), which bans the advertising of Class C fireworks for sale, unconstitutionally deprives the defendant-appellant of a property right without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America. By failing to sustain defendant-appellant's motion to dismiss the complaint on these grounds, the trial court committed error."

■ The Fifth and Fourteenth Amendments to the United States Constitution state that no person shall be deprived of life, liberty, or property without due process of law. "[T]he right to engage in a lawful business is a property right and * * * carries with it the right to appeal to the public for patronage, through bills, circulars, cards or other advertising matter * * *." *In re Thornburg* (1936), 55 Ohio App. 229, 234, 7 O.O. 85, 87, 9 N.E.2d 516, 518. The sale of fireworks by a licensed manufacturer or wholesaler is a lawful business; therefore, it carries with it the right to appeal to the public for patronage. Although the advertising for sale of Class C fireworks is a property right, "the legislative bodies may regulate persons and property in all matters relating to the public health, the public morals and the public safety." *In re Thornburg, supra,* at 232, 7 O.O. at 86, 9 N.E.2d at 517. However, "[i]f it is clear that police regulations * * * are arbitrary or unreasonable and have no substantial relation to the public health, morals, safety or public welfare, it becomes the duty of the court to declare such regulations to be invalid." *In re Thornburg, supra,* at 236, 7 O.O. at 88, 9 N.E.2d at 519, citing *Wondrak v. Kelley* (1935), 129 Ohio St. 268, 2 O.O. 159, 195 N.E. 65, paragraph one of the syllabus.

R.C. 3743.65(F) is an unreasonable restriction since purchase and possession of Class C fireworks within the statutory period of time prior to transportation outside the state are legal.

R.C. 3743.65(F) does have an indirect relation to the public safety. The state has determined that Class C fireworks are unsafe and has made their discharge unlawful. By restricting the advertising of Class C fireworks, and keeping the public uninformed, the state may have reduced the number of its citizens who will purchase, discharge, and be injured by Class C fireworks. However, such a conclusion is too speculative. The restriction has no substantial relation to the public safety.

The regulation is an unconstitutional deprivation of property without due process of law. The first assignment of error is sustained.

### Second Assignment of Error

"Ohio Revised Code Section 3743.65(F), which bans the advertising of Class C fireworks for sale, is unconstitutional in that it is an undue and unreasonable burden on interstate commerce. By failing to sustain defendant-appellant's motion to dismiss on this ground, the trial court committed error."

Section 8, Article I of the United States Constitution states that "[t]he congress shall have Power * * * to regulate commerce * * * among the several States * * *." "[T]he police power of the states was not surrendered when general power to regulate commerce * * * among the several states was conferred upon Congress, * * * and the police power is reserved to the states so as to protect the health and public welfare of its people." See 16 Ohio Jurisprudence 3d (1979) 368, Constitutional Law, Section 241. However, the fact that a state law is related to the welfare, health, morals, or safety of the citizens of the state does not validate the law where it imposes a burden on interstate commerce. See *Castle v. Mason* (1915), 91 Ohio St. 296, 110 N.E. 463.

Class C fireworks are sold in Ohio solely for transportation into other states. The state is encouraging interstate commerce. There is no burden. The second assignment of error is overruled.

### Third Assignment of Error

"Ohio Revised Code 3743.65(F) is unconstitutionally vague, unconstitutionally overbroad and generally infringes upon defendant-appellant's rights of free speech, all in violation of the rights secured to defendant-appellant by the First and Fourteenth Amendments to the Constitution of the United States of America. By failing to sustain defendant-appellant's motion to dismiss the complaint on these grounds, the trial court committed error."

The First and Fourteenth Amendments to the United States Constitution guarantee each citizen the right to freedom of speech. Advertising is a form of commercial speech and is protected from unwarranted governmental regulation. See *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm. of New York* (1980), 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341. In *Central Hudson,* the Supreme Court of the United States set out the following test for determining whether the communication may be regulated:

"In commercial speech cases * * * a four part analysis has developed. At the outset, we must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, *it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation*

*directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest."* (Emphasis added.)

We now apply this four-step analysis to the commercial speech in question. The handbill states, "Buy your fireworks legally this year." The purchase of Class C fireworks is legal if they are purchased from a licensed manufacturer or wholesaler. The possession of Class C fireworks is legal if within the statutory period of time prior to transportation out of the state. The communications in question are neither misleading nor related to unlawful activity.

The state does have a substantial interest in the safety of its citizens. However, as we stated in the first assignment of error, the restriction only indirectly advances the state's interest. R.C. 3743.65(F) is more restrictive than is necessary, since the state has advanced its interest in public safety by making the discharge of Class C fireworks illegal.

The excessive restriction cannot survive. R.C. 3743.65(F) is an unconstitutional restriction on commercial speech. The third assignment of error is sustained.

### Fourth Assignment of Error

"The verdict of the trial court is contrary to the manifest weight of the evidence."

Appellant argues that his conviction for advertising Class C fireworks for sale is against the manifest weight of the evidence and contrary to law because there was no direct evidence presented that he placed the handbills or business cards at the Sohio station, no evidence that the handbills or business cards were intended for public consumption, and no evidence that the handbills and business cards were "advertisements" within the meaning of R.C. 3743.65(F).

A reviewing court may discharge an appellant if it finds that the judgment is contrary to the evidence and the law. See *Blatnick v. State* (1927), 23 Ohio App. 137, 154 N.E. 814. In the first and third assignments of error, we held that R.C. 3743.65(F) was an unconstitutional deprivation of property and an unconstitutional restriction on commercial speech. The decision of the court is therefore against the weight of the evidence and contrary to law. Appellant's fourth assignment of error is sustained.

The decision of the municipal court is reversed.

*Judgment reversed.*

STEPHENSON, P.J., and HARSHA, J., concur separately.

STEPHENSON, Presiding Judge, concurring.

I concur in the judgment and that portion of the opinion which disposes of the first and third assignments of error.

HARSHA, Judge, concurring.

I concur in judgment on the first and third assignments of error based upon the authority set forth in *Central Hudson, supra,* and *Norton Advertising v. Arlington Heights* (1982), 69 Ohio St.2d 539, 23 O.O.3d 462, 433 N.E.2d 198. I acknowledge that commercial speech is afforded a lesser degree of protection than noncommercial speech. However, I do not believe the state may rationally promote sales, distribution and *use* of fireworks outside Ohio while restricting advertising under the guise of public safety. Is the state entitled to promote injury to residents and nonresidents as long as it occurs outside its territorial limits on one hand, but to restrict advertising within the state on the other? I think not. I do not question the state's police power to control the use of fireworks in the state of Ohio. What is troublesome and irrational is the state's policy of discouraging their use through a ban on advertising while, at the same time, promoting their sale and use out of state. Accordingly, I concur in judgment since I do not believe the regulation directly advances a legitimate governmental interest when considered in conjunction with the regulations in their entirety.