MARY E. MYERS, F. C. WILLS and JAMES P. JACOBS,
Complainants below, Appellants,

*vs.*

AGOSTINO FORTUNATO.
Defendant below, Appellee.

*Supreme Court, on Appeal, June* 15, 1920.

An ordinance of the city of Wilmington that no permit shall be granted for the erection of a public garage in a residential district within forty feet of the building line of adjoining property owners, unless their written consent has been filed with the Building Inspector, passed either under the police power or the general welfare clause of the charter (section 21), *held* not unconstitutional as a delegation of legislative power, and not void as unreasonable.

Noisy and odorous character of public garage is a matter of common knowledge.

APPEAL FROM COURT OF CHANCERY. The facts appear in the opinion of the Supreme Court. For report of the case below, see *ante p.* 140.

Argued before PENNEWILL, C. J., and BOYCE, CONRAD, RICE and HEISEL, J. J.

*Robert G. Harman*, for the appellants.

*Daniel O. Hastings*, for the appellee.

PENNEWILL, C. J., delivering the opinion of the Court:

In December, 1918, the appellee having received from the building inspector for the city of Wilmington a permit to erect seven public garages on a lot at the northeast corner of Third and Rodney Streets, a residential section of the city, began building the same without having obtained the written consent of the owners of properties within forty feet of said garages. A bill of complaint was presented to the Chancellor asking that an injunction be issued enjoining the erection of said garages, and after a demurrer thereto had been argued and sustained the bill was dismissed. All of the complainants are residents of the city of Wilmington, and two own properties within forty feet of said lot.

Appellants contend that the permit for the erection of said garages was issued in violation of an ordinance of the city of Wilmington which is in the following language:

"Section 1. That no permit shall hereafter be granted for the erection or alteration of any building intended for use as a public garage in the resi-dential portion of the city of Wilmington, within forty feet of the building line of any and all adjoining property owners, unless the written consent of all such adjoining owners has been filed with the building inspector."

The appellee claims that the ordinance referred to is void (1) because it is an attempted delegation of legislative power, and (2) because it is unreasonable, arbitrary, and oppressive. These were the questions of law presented to the Court below and to this Court.

The ordinance under consideration prohibits the erection of public garages in the residential portions of the city, but provides that the prohibition may be removed if the property owners who would be most affected consent to the thing that the law prohibits. The law is complete in itself wholly independent of what any one may do or say, but if those whom the law was designed to protect consent that the thing prohibited may be done in a particular case, the prohibition is modified to that extent. The validity of the law does not depend on the acts of such persons, and is entirely unlike those ordinances that are not effective until the property owners act, as in the building line case, and whose acts alone give to the ordinance the force and effect of law.

If the existence of the law depends upon the vote or act of the people it is an unconstitutional delegation of legislative power, but if the law is complete in and of itself the fact that it provides for the removal or modification of its prohibition by the act of those most affected thereby, does not make it a delegation of legislative power. Such is the test recognized by the courts in many well considered cases, and by the Chancellor and law judges of this State in a recent opinion given to the Governor in respect to the constitutionality of the "School Code."

In the much-discussed case of *Eubank v. Richmond*, 226 *U. S.* 137, 33 *Sup. Ct.* 76, 57 *L. Ed.* 156, 42 *L. R. A.* (*N. S.*) 1123, *Ann. Cas.* 1914*B*, 192, upon which the Chancellor relied, the real ques-

tion, as stated by the Court in *Weeks v. Heurich*, 40 *App. D. C.* 46, *Ann. Cas.* 1914*A*, 972, was:

"The unreasonableness of the exercise of the police power. The ordinance did not look to the preservation of either the health, morals, safety or comfort of the public. The sole effect of its enforcement was to restrict the owner of property in its use. This can only be done in the proper exercise of the police power of the State. The Court held that the State, through its agents, was not so acting. The authorities having divested themselves of all discretion, left the decision of the establishment of a building line to the will of a portion of the property owners in a single block. * * * The action of the property owners was not a condition precedent to the establishement of a building line by the city authorities, but it established the line."

In *U. S. v. Richards*, 35 *App. D. C.* 540, *Ann. Cas.* 1915*C*, 186, *note*, it was held that an ordinance requiring the consent of a specified percentage of the property owners to determine for themselves whether a public garage should be located in certain sections, was not a delegation of legislative power.

To the same effect is the leading and recent case of *Cusack Co. v. City of Chicago*, 242 *U. S.* 527, 37 *Sup. Ct.* 190, *Ann. Cas.* 1917*C*, 594, decided in 1917, in which the Court upheld, under the police power, an ordinance prohibiting the erection of billboards in residential districts, in the interest of the safety, morality, health and decency of the community. The Court noted the distinction between that case and the earlier one of *Eubank v. Richmond*, which involved the establishment of a building line on the petition of two-thirds of the lot owners, and in which the ordinance left the building line untouched until the lot owners should act, and gave such action the effect of law; whereas the ordinance in the case before the Court absolutely prohibited the erection of any billboard, but permitted the prohibition to be modified with the consent of the persons most affected by such modification.

"The one ordinance permits two-thirds of the lot owners to impose restrictions upon the other property in the block, while the other permits one-half of the lot owners to remove a restriction from the other property owners. This is not a delegation of legislative power, but is, as we have seen, a familiar provision affecting the enforcement of laws and ordinances.

See also the case of *City of Chicago v. Stratton*, 162 *Ill.* 494, 44 *N. E.* 853, 35 *L. R. A.* 84, 53 *Am. St. Rep.* 325, and the garage case of *Weeks v. Heurich*, above referred to, decided in 1913.

But even though the ordinance in question is not a delegation of legislative power, is it void for unreasonableness? The cases seem to be uniform in holding that ordinances which are passed by virtue of incidental powers, or under a general grant of authority must be declared void unless they are reasonable. *Phillips v. City of Denver*, 19 *Colo.* 179, 34 *Pac.* 902, 41 *Am. St. Rep.* 230. But there does not appear to be the same uniformity in support of the proposition that ordinances expressly authorized by specific and definite legislative authority must be upheld even though the Court should consider them unreasonable. *People v. Ericsson*, 263 *Ill.* 368, 105 *N. E.* 315, *L. R. A.* 1915D, 607, *Ann. Cas.* 1915C, 183 and note thereto. This is, however, immaterial in the present case because there is not specific legislative enactment in this State on the subject of garages.

The ordinance in question was passed, either under the police power or the general welfare clause of the charter, which gives "The Council" the following powers:

"And in general shall have power to do all those matters and things for the well being of the said city, which shall not be in contravention of any existing laws of this state or the Constitution thereof." Section 21 of the Charter.

In *Chicago & A. R. Co. v. City of Carlinville*, 93 *Am. St. Rep.* 190 (200 *Ill.* 314, 65 *N. E.* 730), the Court said:

"The presumption is in favor of the validity and reasonableness of an ordinance, and it is therefore incumbent on one who claims it to be invalid to show wherein its unreasonableness consists. It should be manifest that the discretion reposed in the municipal authorities has been abused by exercising the power in an arbitrary manner."

Is the ordinance in question a reasonable exercise of the general or police powers vested in the city, for the preservation of the health, comfort, convenience and well being of the people? This is more a question of fact than of law, and involves some consideration of the business of a public garage, and its effects on persons living nearby.

"It is necessary to determine whether the ordinance has for its object the preservation of the public health, morals, comfort, safety, and welfare, or whether, under the guise of police regulation it is an invasion of the property rights of the individual. If it is not such an invasion, then individual rights must yield to the higher rights of the public." *People v. Ericsson, supra.*

It is a matter of common knowledge, as was said in some of the cases, that—

"The automobile is a noisy machine, which frequently, when in motion, emits an offensive odor. Automobiles go in and out of public garages at all times of the day and night, producing noises which must interfere with the comfort and welfare of those in the immediate vicinity. Clearly it is within the province of the Legislature, in the exercise of the police power, to authorize municipalities of the State to direct the location of public garages, which may affect not only the comfort, convenience and health of the people, but also the poperty, the rights, and interests of the citizens in the vicinity."

It is true that the demand, and it may be said the necessity, for public garages in some residential districts of the city should be considered. But there is a saving clause in the ordinance, reasonable and fair both to the invididual and the public. A public garage may be erected in a residential portion if the adjoining property owners consent thereto, and this does not seem to the Court to be an unreasonable requirement. When weighed against the objections to a public garage near persons' homes it is not too much to require one who wishes to build such a garage to secure the consent of the adjoining property owners. To hold the ordinance invalid in this case would mean that a public garage might be erected in any part of the city where a site could be obtained, and it is not difficult to imagine a structure so located as to menace and endanger the comfort, convenience, well being, and health of the community.

The Court are of the opinion that the ordinance in question is valid, and that the judgment of the Court below should be reversed.

A decree will be entered accordingly.