that the demurrer to the complaint must be sustained, and it is so ordered.  This makes it unnecessary to pass upon the question of misjoinder.

In re **KAYE**.
No. La. 61.

District Court, of Alaska.  Fourth Division.  Fairbanks.

April 1, 1948.

Proceeding in the matter of the petition of A. L. Kaye for a retail liquor license. On demurrer to the petition.

Warren A. Taylor, of Fairbanks, for petitioner.

Collins & Clasby and Michael A. Stepovich, Jr., all of Fairbanks, for respondent.

PRATT, Judge.

I. Upon the 5th day of February, 1948, A. L. Kaye filed his application in the above-named Court for a retail liquor license at Number 521—2nd Avenue in the City of Fairbanks, Alaska.

Upon February 6, 1948, the Clerk of said Court advised the Mayor and Common Council of said City of said application, and directed that they take action thereon at least within 30 days.

Upon the 12th day of March, 1948, a certificate was filed in said cause by said Common Council, stating that it, at a regular meeting upon the 8th day of March, 1948, had disapproved the issuance of said license to said A. L. Kaye.

Upon the 23rd day of March, 1948, said A. L. Kaye filed in this Court a petition that the Court grant him said liquor license. The reasons set forth in said petition and supporting affidavits were:

(1) That said Common Council had not acted upon said application within the 30 days required of them by the Clerk of Court;

(2) That it required four votes of the Common Council to disapprove said application; that upon a motion to recommend the granting of said liquor license to said A. L. Kaye, two councilmen voted for the motion, and three voted against. Whereupon, the Mayor cast his ballot against the granting of said liquor license;

(3) That two of the councilmen who voted against granting said liquor license stated at such meeting "That they did not want any more liquor stores on Second Avenue in Fairbanks, Alaska".

The petition further stated that said Council had approved 12 licenses for other locations on Second Avenue in said Town within the past two months, and that the action of said Council as to the application of petitioner was arbitrary, unreasonable and not based upon any legal reasons.

A demurrer upon the ground that said petition did not state facts sufficient to constitute a cause of action, was filed.

II.   a.   The Compiled Laws of the Territory of Alaska 1933, hereinafter referred to as C.L.A., provide that there shall be a Mayor and 6 Councilmen for cities of the first class, such as Fairbanks. Sec. 2383 further provides:

"The council shall have and exercise the following powers: * * * To take such other action by ordinance, resolution or otherwise as may be necessary to protect and

preserve the lives, the health, the safety and the well-being of the people of the city."

Section 2390, C.L.A., provides:

"It shall be the duty of the mayor to preside at meetings of the council, to approve or disapprove of all ordinances or resolutions passed by the council * * *. He shall have authority to vote only in case of a tie. * * * "

Section 2391 provides:

"The council may exercise its powers by ordinance or resolution; at all meetings of the council five members or four members and the mayor shall constitute a quorum * * *; but no ordinance or resolution shall be passed at any meeting unless it receives at least four votes. * * * "

■ b. As the council could act only by resolution, and it required four votes to pass a resolution, the effect of a vote of two councilmen for and three councilmen against a resolution to approve the liquor application was that the vote on each side prevented the vote on the other side from being sufficient to pass the resolution, and thus a tie ensued. As the mayor could vote in case of a tie, he properly cast his vote and a sufficient number of votes, to-wit, four, for the passage of a resolution was recorded against the resolution of approval. As the disapproval of the resolution was, in effect, the same as a resolution to disapprove the granting of the application for a liquor license, it will be taken as such.

■ When the City Council failed to take action within 30 days, from the date of the notice of the Clerk of Court, to-wit, February 6, 1948, it came within the provisions of Chapter 78, Session Laws of Alaska 1937, Section 3 which provides:

"A failure of the municipal officers to act upon applications for license within the period specified in the notice furnished them shall be considered a default and shall sub-

ject the city to the penalty of losing its right to a refund as herein provided."

But Mr. Kaye did not claim the default in any manner until he filed his petition on the 23rd day of March, 1948, the council having filed their certificate on the 12th day of March, 1948.

If said Chapter 78 used the word "default" in the same manner as it is used in legal proceedings, it would be necessary for the applicant for a liquor license to claim his default before the same was cured by the city council filing the certificate of its action in the matter. In legal proceedings the failure to claim a default is waived if the defaulting party cures the default before it is claimed.

On the other hand, said Chapter 78 does not state that the city shall lose its right to consent or dissent to the granting of the license merely by being in default. The only result of being in default which said Chapter 78 mentions is that the city shall be subject to the penalty of losing its right to a refund of the license fee.

In either event, the failure of the city to take action within 30 days has not lost to the city its right to consent or dissent to the granting of the liquor license.

c. Chapter 78 of the Session Laws of Alaska, 1937, sets forth the only conditions under which a liquor license may be issued for the sale of liquor within Alaska. If the application is within an incorporated town or city, the Clerk of the District Court shall notify the city council of the necessity for action by the council upon the application, and to file with the Clerk of the Court a certificate showing the action taken.

If the application is for premises outside of a town or city it shall be shown to the satisfaction of the Court that a majority of the citizens over the age of 21 years, residing within two miles of the place where the liquor is to be sold, have given their consent to the issuance of such liquor license.

It will thus be seen that the Legislature made every area within two miles of the place where a liquor license was to be utilized, a local option area in which no liquor license could be issued unless a majority of the inhabitants (if not within an incorporated town) had consented to the issuance thereof. If the place of sale was within an incorporated town, the local option was to be expressed for the town by the city council.

■ d. It is urged by counsel for the applicant that the only legal reasons which would justify the city council in refusing to recommend the granting of a liquor application are those which are set forth in Chapter 78, S.L.A. '37, as disqualifications for the receipt of a liquor license, as follows:

(1) That the place exercising the license is within 200 feet of a church or school.

(2) That the license applicant has not resided in Alaska for one year prior to his application.

(3) That someone, other than the applicant, has a direct or indirect financial interest in the business.

(4) That the licensed premises are connected by doors or otherwise with other premises covered by another liquor license.

It is significant that neither said Chapter 78, nor any other law of Alaska prescribes any personal qualifications for a liquor dealer. What his qualifications must be, if any are required, are not set forth, but are, by inference, left entirely to the city council or the individuals residing out of incorporated towns.

■ III. The Legislature delegated to the city council the right to cause the issuance or refusal of a liquor license sought for a place within the .city. The law. Chapter 78, S.L.A. '37, does not in any way limit the grounds upon which said city council may refuse to recommend the issuance of licenses. Nor does it in any way limit the grounds upon which individual inhabitants out of incorporated towns

may refuse to recommend the issuance of liquor licenses in their community.

. The right to sell liquor may be prohibited altogether in Alaska, as it was in 1918 (Chapt. 7, S.L.A.1915 and 39 Stat. 903), and also by Congress in the Volstead Act, 27 U.S.C.A. § 1 et seq.

. In 37 Amer.Jur. 781, it is stated:

"The view generally prevailing is that there is no valid objection to ordinances which vest in municipal administrative officials or boards, or even in a single officer, authority and arbitrary discretion relating to matters which are in the nature of privileges—that is, the using of property, the engaging in occupations, or the committing of acts—which might well be forbidden altogether, but which under certain conditions may be harmless or well managed. In such cases, it is usually held that ordinances need not prescribe specific rules of action or guidance for the administrative officers who are to put the ordinances into operation." Citing Schefe v. St. Louis, 194 U.S. 373, 24 S.Ct. 676, 48 L.Ed. 1024; Fischer v. St. Louis, 194 U.S. 361, 24 S.Ct. 673, 48 L.Ed. 1018, and many other cases.

Consequently, whether or not the action of the city council in disapproving the application for a license was the exercise of an arbitrary discretion, the action was valid under the facts of this case.

IV. If it is thought that Section 2383, C.L.A. forbids the city council to disapprove a liquor application unless such disapproval is necessary for the protection and preservation of the health, safety and well-being of the people of the city, the following matters should be borne in mind:

"The modern tendency exhibited in the more recent cases is to be rather liberal in upholding ordinances permitting grants of discretion to municipal administrative officers, in order to facilitate administration under the existing complex economic conditions." 37 Amer.Jur. 780.

"Ordinances which regulate or license businesses or trades are generally presumed to be reasonable; the rule

as to the presumption of reasonableness has been applied in many varied instances involving different types of business activities. This presumption clearly attaches to ordinances which prohibit within prescribed limits the carrying on of business or manufacturing which may injuriously affect the health or morals of the people.

"A presumption of good intention must be accorded to municipal authorities in passing a regulatory or licensing ordinance. A municipal council is not presumed to have abused its discretion in exercising legislative powers, and it cannot be presumed that a municipality is ignorant of its charter powers, or that it deliberately intends to violate the organic law of the state or municipality." 37 Amer.Jur. 813.

"In order to declare a municipal ordinance invalid because it is unreasonable or unconstitutional, the invalidity must be clearly and satisfactorily shown, and must be palpable and manifest." 37 Amer.Jur. 815.

"The rule that the courts will not inquire into the motive of legislators who have enacted ordinances in the exercise of legislative power has been applied in a variety of instances. This rule has been applied to ordinances * * * regulating businesses, * * * *". 37 Amer.Jur. 821.

In Doran v. Colonial Drug and Sales Company, 10 Cir., 58 F.2d 65, and State ex rel. Higgins v. City of Racine, 220 Wis. 107, 264 N.W. 490, it was held that notwithstanding the absence of statutory restrictions, the licensing authority could deny a license where the proposed location was improper by reason of surroundings.

"The court or board need not, unless specially required by law, give reasons for its refusal to grant a particular application, * * *." 48 C.J.S., Intoxicating Liquors, § 157, p. 259.

As the city council was not obliged to disclose its reasons for disapproving Mr. Kaye's application, it cannot be presumed that the two members who stated their reasons for disapproving the liquor license application stated all of their reasons.

However, it appears to the Court that with twelve liquor establishments in the vicinity of the place chosen by Mr. Kaye for the exercise of his license, it could easily be that additional liquor stores in that vicinity would not be for the good of the people of the city, and would be a menace to their health and safety.

The Attorney for the applicant places great reliance upon the case of In re Alaska Labor Trades Ass'n, Inc., 10 Alaska 472. In that case the city council of Anchorage approved the renewal of a liquor license. A protest was filed upon the ground that others than the applicant had a financial interest in the matter. The court found the protest to be well taken and refused to grant the license.

As neither the city council nor the court had the power, under the liquor laws of Alaska, to recommend or grant a license under such conditions, it is not seen that said case is any authority for the position taken by counsel for Mr. Kaye.

The petition fails to state a cause of action, and the demurrer should be sustained.