Troy L. WELCH and Jay F. Welch, Plaintiffs-Appellants,

v.

CLAIBORNE COUNTY BEER BOARD, et al., Defendants-Appellees.

Supreme Court of Tennessee, at Knoxville.

Oct. 9, 1984.

W. Keith McCord, Judy M. Cornett, Knoxville, for plaintiffs-appellants.

William R. Stanifer, Tazewell, for defendants-appellees.

Kate Eyler, Asst. Atty. Gen., for intervenor, the Atty. Gen. for the State of Tenn.; William M. Leech, Jr., Atty. Gen., of counsel.

## OPINION

HARBISON, Justice.

Appellants applied for a permit for the sale of beer for off-premises consumption. Their application was denied solely upon the ground that the site leased by them was within three hundred feet of a private residence and that the owner of the residence objected to the issuance of the permit. Appellants met all other requirements for the issuance of the permit, and it would have been granted to them except for the fact that their store was within the prescribed distance from the residence.

The Chancellor upheld the action of the Beer Board, and we affirm.

To a large extent this case is governed by the decision of this Court in *Davis v. Blount County Beer Board*, 621 S.W.2d 149 (Tenn.1981), in which the statute authorizing prohibition of the sale of beer within three hundred feet of a residential dwelling was upheld. T.C.A. § 57–5–105(f). Most of the same arguments advanced by appellants in the present case were considered and rejected by the Court in that case, and most of the same authorities relied upon by appellants were discussed in that opinion.

In *Davis*, this Court held that there was no unauthorized delegation of legislative power to individuals, and that, indeed, there was no delegation at all. Rather, the statute authorized local legislative bodies to prohibit the sale of beer within a prescribed distance from a residence, and this prohibition was absolute, unless waived by the affected occupants of residential dwellings.

■ There is no question but that Claiborne County had adopted a resolution in accordance with T.C.A. § 57–5–105(f) in 1975, and there is no claim that it has been discriminatorily or selectively enforced or applied. Accordingly, appellants are bound thereby, and the site which they leased does not meet the geographical requirements properly prescribed by the County. The claim of appellants that they met all of the requirements for the issuance of a beer permit is incorrect. They met all the requirements except for the location of their site, and this was as plainly in violation of a distance requirement as if they had undertaken to select a site within a prohibited distance from a church or school.

■ We have considered all of the arguments advanced by appellants, but we are not persuaded to depart from the previous holding of this Court in the *Davis* case, *supra*. We have carefully considered the contention of appellants that the application and enforcement of the distance requirement in the present case violate the Establishment Clause of the United States Constitution and its state counterpart. In this respect appellants rely principally upon the decision of the Supreme Court of the United States in *Larkin v. Grendel's Den,*

*Inc.*, 459 U.S. 116, 103 S.Ct. 505, 74 L.Ed.2d 297 (1982).

An examination of that case reveals that it rested entirely upon First Amendment principles, which are not involved here. In that case, state courts had construed a Massachusetts statute as conferring a "veto power" upon churches and schools with respect to the location of establishments selling liquor. The majority of the Supreme Court held that the statute, as thus construed, violated the Establishment Clause of the First Amendment to the United States Constitution.

This Court has not construed the Tennessee statute as conferring a "veto power" upon churches or religious establishments. There are separate statutory provisions containing distance requirements from churches and schools. The statute in question here involves private residences only. Further, this Court, in the *Davis* case, *supra*, said:

> "The protesting owner of a residence located within 300 feet of the proposed beer outlet exercises no legislative power; he merely protests or fails to protest. He can neither grant nor deny a permit for the sale of beer. The permits must issue to an otherwise qualified applicant unless the owner of a residence within 300 feet appears in person and protests. The effect of a protest is to deny the permit, but that effect is derived from the legislative enactment and the ordinance passed pursuant thereto, not from the residence owner." 621 S.W.2d at 152.

Appellants further contend that in the present case the county officials should be estopped from denying a permit because the local resolution adopting the distance requirement involved was not a matter of public record and was unknown to the appellants until after they had invested in their premises.

This contention is without merit both factually and legally. It appears without question that the resolution had been validly adopted by the Quarterly County Court in 1975 and that it was a matter of public record. It was not properly indexed by the County Court Clerk, but certainly between the time of the filing of the application and the hearing thereon, its existence was known to appellants. Mr. Troy Welch testified that he had a conversation with the objecting property owner, Mr. Fred Chumley, before a hearing was held on his application by the local beer board. Mr. Chumley advised Mr. Welch that he did object to the issuance of the permit, the site for which was only one hundred thirty-eight feet from the Chumley residence. The record simply does not establish that Mr. Welch expended substantial amounts of money relying upon the absence of a residence requirement, nor is it established in the record when his expenditures were in fact incurred. No basis for estoppel or waiver has been established. It has been repeatedly pointed out by this Court that a license to sell beer is not a contract by right of property but is merely a temporary permit. *See Needham v. Beer Board of Blount County*, 647 S.W.2d 226, 230–231 (Tenn.1983). If appellants expended money before applying for their permit on the expectation that it would be issued, they did so prematurely, and this fact affords no basis for estoppel against or waiver by the county regulatory body.

The judgment of the Chancellor is affirmed at the cost of appellants. The cause is remanded to the trial court for any further proceedings which may be necessary.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.