THOMAS CUSACK COMPANY *v.* CITY OF CHICAGO ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 126.   Argued December 20, 21, 1916.—Decided January 15, 1917.

The Fifth Amendment relates to national action only.

A city ordinance, which has been upheld by the highest court of the State as valid under the state legislation, is to be regarded by this court as a law of the State and is to be tested accordingly.

Such an ordinance, when dealing with a subject within the police power, must be upheld unless shown to be clearly unreasonable, arbitrary or discriminatory.

A city, exercising the police power, may prohibit the erection of billboards in residence districts, in the interest of the safety, morality, health and decency of the community.

Such a prohibition is not to be deemed unduly discriminatory because not including fences and other structures, found less likely to become a source of public injury.

An ordinance prohibiting billboards is not invalidated· by a provision which removes the prohibition as to any billboard the erection of which is first consented to by the owners of a majority of the frontage on both sides of the street in the block in which it is to be erected. *Eubank* v. *Richmond*, 226 U. S. 137, distinguished.

He who is not injured by the operation of. a law or ordinance can not be said to be deprived by it of either constitutional right or of property.

267 Illinois, 344, affirmed.

THE case is stated in the opinion.

*Mr. John S. Hummer*, with whom *Mr. James E. Mc-Grath* was on the brief, for plaintiff in error.

*Mr. Loring R. Hoover* and *Mr. Chester E. Cleveland*, with whom *Mr. Samuel A. Ettelson* was on the brief, for defendants in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

In this proceeding the plaintiff in error, a corporation engaged in "outdoor advertising," claims that § 707 of article 23 of an ordinance of the City of Chicago, governing the erection and maintenance of billboards in that city, is unconstitutional.

This section is as follows:

"707. Frontage consents required. It shall be unlawful. for any person, firm or corporation to erect or construct any billboard or signboard in any block on any public street in which one-half of the buildings on both sides of the street are used exclusively for residence purposes without first obtaining the consent in writing of the owners or duly authorized agents of said owners owning a majority of the frontage of the property on both sides of the street in the block in which such billboard or sign-

board is to be erected, constructed or located. Such written consents shall be filed with the Commissioner of Buildings before a permit shall be issued for the erection, construction or location of such billboard or signboard."

The plaintiff in error expressly concedes in this court that it is within the police power of the City of Chicago to exercise within the city limits a reasonable regulation and control over the construction and maintenance of bill boards and other similar structures. But it is contended that the section quoted is in terms " an arbitrary, unrestrained" exercise of power which, if given effect, could be used without any regard "to the safety, health, morals, comfort or welfare of the public" and that it therefore offends against the Fifth and Fourteenth Amendments to the Constitution of the United States.

Obviously, claims made under the Fifth Amendment need not be considered, *Livingston* v. *Moore*, 7 Pet. 469, 551; *Lloyd* v. *Dollison*, 194 U. S. 445, and there remains only the question whether the ordinance, if enforced, would work "a denial to the plaintiff in error of the equal protection of the laws" or would "deprive it of its property without due process of law."

The claimed infirmity in the ordinance consists in the requirement that before any billboard or signboard of over twelve square feet in area may be erected in any block in which one-half of the buildings are used exclusively for residence purposes the owners of a majority of the frontage of the property on both sides of the street in such block shall consent in writing thereto. This, it is claimed, is not an exercise by the city of power to regulate or control the construction and maintenance of billboards, but is a delegation of legislative power to the owners of a majority of the frontage of the property in the block "to subject the use to be made of their property by the minority owners of property in such block to the whims and caprices of their neighbors."

The Supreme Court of the State of Illinois sustained the validity of the ordinance in an opinion (267 Illinois, 344) which declares that the act of the legislature of that State, passed in 1912, Hurd's Stat. 1913, c. 24, par. 696, is a clear legislative declaration that the subject of billboard advertising shall be subject to municipal control.

It is settled for this court by this decision that the ordinance assailed is within the scope of the power conferréd on the City of Chicago by the legislature, that it is to be treated as proceeding from the law-making power of the State, and that, therefore, it is a valid ordinance unless the record shows it to be clearly unreasonable and arbitrary. *Reinman* v. *Little Rock*, 237 U. S. 171.

Upon the question of the reasonableness of the ordinance, much evidence was introduced upon the trial of the case, from which the Supreme Court finds that fires had been started in the accumulation of combustible material which gathered about such billboards; that offensive and insanitary accumulations are habitually found about them, and that they afford a convenient concealment and shield for immoral practices, and for loiterers and criminals. As bearing upon the limitation of the requirement of the section to blocks "used exclusively for residence purposes," the court finds that the trial court erroneously refused to allow testimony to be introduced tending to show that residence sections of the city did not have as full police or fire protection as other sections have, and that the streets of such sections are more frequented by unprotected women and children than, and are not so well lighted as, other sections of the city are, and that most of the crimes against women and children are offenses against their persons.

Neglecting the testimony, which was excluded by the trial court, there remains sufficient to convincingly show the propriety of putting billboards, as distinguished from buildings and fences, in a class by themselves, *St. Louis*

*Gunning Advertising Co.* v. *St. Louis,* 235 Missouri, 99, and to justify the prohibition against their erection in residence districts of a city in the interest of the safety, morality, health and decency of the community.

The claim is palpably frivolous that the validity of the ordinance is impaired by the provision that such billboards may be erected in such districts as are described if the consent in writing is obtained of the owners of a majority of the frontage on both sides of the street in any block in which such billboard is to be erected. The plaintiff in error cannot be injured, but obviously may be benefited by this provision, for without it the prohibition of the erection of such billboards in such residence sections is absolute. He who is not injured by the operation of a law or ordinance cannot be said to be deprived by it of either constitutional right or of property. *Tyler* v. *Judges of Registration,* 179 U. S. 405; *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531. To this we may add that such a reference to a neighborhood of the propriety of having carried on within it trades or occupations, which are properly the subject of regulation in the exercise of the police power, is not uncommon in laws which have been sustained against every possible claim of unconstitutionality, such as the right to maintain saloons, *Swift* v. *People,* 162 Illinois, 534, and as to the location of garages, *People* v. *Ericsson,* 263 Illinois, 368. Such treatment is plainly applicable to offensive structures.

The principles governing the exercise of the police power have received such frequent application and have been so elaborated upon in recent decisions of this court, concluding with *Armour & Company* v. *North Dakota,* 240 U. S. 510, 514, that further discussion of them would not be profitable, especially in a case falling as clearly as this one does within their scope. We therefore content ourselves with saying that while this court has refrained from any attempt to define with precision the limits of the police

power, yet its disposition is to favor the validity of laws relating to matters completely within the territory of the State enacting them and it so reluctantly disagrees with the local legislative authority, primarily the judge of the public welfare, especially when its action is approved by the highest court of the State whose people are directly concerned, that it will interfere with the action of such authority only when it is plain and palpable that it has no real or substantial relation to the public health, safety, morals, or to the general welfare. *Jacobson* v. *Massachusetts*, 197 U. S. 11, 30. And this, for the reasons stated, cannot be said of the ordinance which we have here.

The plaintiff in error relies chiefly upon *Eubank* v. *Richmond*, 226 U. S. 137. A sufficient distinction between the ordinance there considered and the one at bar is plain. The former left the establishment of the building line untouched until the lot owners should act and then made the street committee the mere automatic register of that action and gave to it the effect of law. The ordinance in the case at bar absolutely prohibits the erection of any billboards in the blocks designated, but permits this prohibition to be modified with the consent of the persons who are to be most affected by such modification. The one ordinance permits two-thirds of the lot owners to impose restrictions upon the other property in the block, while the other permits one-half of the lot owners to remove a restriction from the other property owners. This is not a delegation of legislative power, but is, as we have seen, a familiar provision affecting the enforcement of laws and ordinances.

It results that the judgment of the Supreme Court of Illinois will be

*Affirmed.*

Dissenting: Mr. Justice McKenna.