Kunkle, J.
This is an action in mandamus in which the relator, The Moore Oil Co., seeks to compel the defendant, Joseph Dauben, as Building Inspector of the City of Columbus, to issue a building permit to relator for the reconstruction of a public oil and gasoline filling station, including tanks and buildings, at the corner of Broad and 21st streets in the city of Columbus.
Defendant refuses to issue such permit upon the sole ground that the relator has not complied with *227 the provisions of Section 1 of Ordinance No. 28932 of the city of Columbus, regulating the location, erection and maintenance of public oil filling stations, which ordinance was passed by the council of the city of Columbus July 19, 1915, and approved by the mayor of said city July 23, 1915. The provisions of said ordinance are as follows:
“Section 1. That it shall be unlawful for any person, firm or corporation for themselves or as agents, renters, or lessees, to locate, build, erect, construct, maintain, or operate any public gasoline or oil filling station or sales depot on or within 187% feet from curb line of any street in the city, or to construct or maintain a driveway from the street over the curb and sidewalk to such station or depot, when three-fourths (%) of the buildings on both sides of the street for a distance of five hundred (500) feet in either direction from the proposed location of each wall of such oil filling station or sales depot are used exclusively for residence purposes, without first securing the written consent of two-thirds (2/3) of the owners of the property abutting on the street for a distance of 500 feet in each direction from the median line of such proposed oil filling station or sales depot, according to the frontage on both sides of the street.
“Section 2. Any person, firm, or corporation, or any agent, renter, or lessee, of any such person, firm or corporation who shall violate any of the provisions of this ordinance shall be fined not less than $100 nor more than $500 for each offense, and each week of continued violation of this ordinance shall constitute a separate offense after the first prosecution has been begun.
*228 “Section 3. This ordinance shall take effect and be in force from and after the earliest period allowed by law, but shall not apply to or be operative against any owner or operator of any public gasoline or oil filling station or sales depot heretofore erected unless 2/3 of the owners of the property for whose consent this ordinance makes provision file with the city clerk within thirty days after this ordinance takes effect their written protest against the further operation of such station or depot.u
When the said ordinance became effective the relator was the lessee, and subsequently became the owner, of the real estate situated at the corner of Broad and 21st streets in the' city of Columbus, and had erected and was maintaining a gasoline and oil filling station on said premises.
In April of the present year, with a view to enlarging its business, the relator tore down the original buildings on the said premises and prepared plans and specifications for the erection of a more elaborate building, with rest rooms for patrons, with greatly increased storage capacity, and with increased facilities and equipment for the transaction of its business.
The original plant was conducted on the said premises by means of access thereto from an alley, pn the rear of the said lot, and from 21st street.
The plans for the proposed structure involve an additional passageway over the sidewalk on Broad street.
Counsel for defendant claim that the proposed Structure should be regarded as a new structure, *229 and would therefore fall within the scope of Section 1 of the ordinance above referred to.
The relator contends:
1. That the said ordinance is unconstitutional.
2. That if the ordinance is found to be constitutional, the relator is exempt, by virtue of the provisions of Section 3 of said ordinance.
We have carefully considered the unusually exhaustive and helpful briefs which have been filed by counsel. We shall not attempt to analyze or distinguish the various authorities cited therein, but will merely announce the conclusion at which we have arrived after an examination of such authorities.
We have previously considered the question of the constitutionality of Section 1 of the ordinance in question. Since our decision in the case of City of Columbus v. Chas. F. Speice (unreported, Franklin county court of appeals) the supreme cofirt of the United States has affirmed the celebrated billboard case of Thomas Cusack Co. v. City of Chicago, 242 U. S., 526, decided January, 1917, and has upheld the constitutionality of the billboard ordinance in question, which ordinance involved a principle similar to the one in controversy here.
In the Speice case the validity of Section 1 of Ordinance No. 28932 was conceded by the court to be constitutional, and we are confirmed in that opinion by the decision of the supreme court of the United States in the billboard case above referred to.
This court also held in the Speice case that the ordinance should be considered prospectively, and that it did not apply to the maintenance and opera *230 tion of a gasoline or oil filling plant in existence at the time the ordinance became effective.
The question now for consideration is whether the said ordinance exempts an owner or operator of an existing business, who tears down his buildings and undertakes to rebuild them with greatly-increased facilities, including additional means of access to said premises, and therefore imposing additional burdens upon the adjacent streets.
Construing Section 3 in connection with the rest of the ordinance, we have reached the conclusion that the intention of said ordinance was to exempt only the existing capital and business of public gasoline and oil filling stations and to relieve the existing owner of such stations from being subjected to a possible loss of an existing investment and business.
We do not intend to hereby express an opinion as to the extent to which an owner of an existing property may go in the way of repairs or improvements to an existing plant without subjecting himself to the provisions of Section 1 of said ordinance.
We are of opinion, however, that when an owner tears down an existing structure and prepares to erect a new one with greatly increased storage capacity and equipment, with a new driveway and means of access thereto, and arranges to equip the new building with electrical displays such as here contemplated, that such person falls within the provisions of Section 1 of said ordinance.
We have carefully considered the plans, specifications and other evidence which have been presented and are of opinion that the proposed im *231 provements do not bring the relator within the exemption provided in Section 3 of said ordinance.
In view of the conclusions above stated,' it is apparent that the relator has not established a clear right to the relief sought.

Peremptory writ refused.

'Allread and Ferneding, JJ., concur.