## UNITED STATES v. GREATER NEW YORK LIVE POULTRY CHAMBER OF COMMERCE et al.

District Court, S. D. New York. November 7, 1928.

Charles H. Tuttle, U. S. Atty., of New York City, and Israel B. Oseas, John Harlan Amen, and Walter L. Rice, Sp. Asst. Attys. Gen., for the United States.

Goldstein & Goldstein and Alfred L. Becker, all of New York City (Jonah J. Goldstein, Alfred L. Becker, and Albert De Roode, all of New York City, of counsel), for Greater New York Live Poultry Chamber of Commerce.

WINSLOW, District Judge. ▉ As to the motion to strike out "Greater New York Live Poultry Chamber of Commerce" as a party defendant, I am of the opinion that the language of the Sherman Anti-Trust Act (15 USCA § 1 et seq.) was intended to cover a defendant of this character. It certainly is "an association existing under * * * the laws of * * * the United States." 15 USCA § 7. I do not believe that a combination of persons having a definite organization, with officers and directors, although unincorporated, is exempt from the provisions of the statute. If it is convicted of a

violation of the law, its assets, if any, may be reached to satisfy the penalty of fine. Motion to strike out this particular defendant is denied.

 As to the motion to vacate the order granting leave to file the information, it is evident that such leave was granted by a judge of this court in the exercise of a lawful discretion, and cannot here be reviewed.

 The so-called "special plea," after the general plea, is too late. In any event, it is not jurisdictional, but is in effect an argument on facts, calculated to sustain the former plea of "not guilty." U. S. v. J. L. Hopkins & Co. (D. C.) 228 F. 173.

The government's demurrer to the special plea will be sustained.