DAVID DUPONT ET AL. *v.* LIQUOR CONTROL COMMISSION ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued November 8—decided December 14, 1949.

*William Reeves,* with whom was *Frederick Pope, Jr.,* for the appellant (defendant town of Stratford).

*George A. Saden,* for the appellees (plaintiffs).

BROWN, J.  The plaintiffs applied to the defendant commission for a package store all-alcoholic permit for premises located in a business zone in Stratford. After hearing pursuant to statute, the commission refused to grant the application.  The plaintiffs appealed to the Court of Common Pleas, where the town joined in the action as a party defendant because of the plaintiffs' claim that certain provisions of its zoning ordinance are invalid.  Upon a stipulation as to the facts the court sustained the appeal and rendered judgment directing the commission to issue the permit.  The defendant town has appealed to this court.

We summarize the material facts.  Stratford is not a "no-permit" town.  The premises in question are located in a business zone.  The issuance of the requested permit is prohibited by no statute, ordinance or regulation unless it be § 7 K in conjunction with § 20 J of the town's zoning ordinance.  The plaintiffs were unable to obtain from other property owners the number of signatures approving their proposed use of the premises as a package store which §§ 7 K and 20 J of the zoning regulations require.  The sole ground of the commission's refusal to grant the application was "unsuitability of place because of the fact that the

premises do not comply with the requirements of the zoning regulations of the town of Stratford."

The defendant town's zoning ordinance was adopted pursuant to special legislation. 20 Spec. Laws 264; 21 Spec. Laws 782; 22 Spec. Laws 349. The following are its pertinent provisions. Section 7 relates to the location of places for the sale of alcoholic liquors and provides: "A. No . . . premises shall . . . be used in any zone except a business zone for the sale, as package merchandise, . . . of alcoholic liquors . . . . K. [Before any premises shall be so used the owner] shall present a petition to the Planning Board for approval of the premises which shall be accompanied by a Petition signed by owners of property in accordance with Sub-Section J of Section 20 and which petition shall be given a public hearing by the Planning Board duly advertised . . . . Any such petition shall be granted when two-thirds of the members . . . present . . . shall vote in favor thereof." Section 20, entitled "Powers and Duties of the Planning Board," provides: "A. All applications and petitions of any nature whatsoever shall first be made to the Planning Board for a decision . . . . J. All applications or petitions for consideration of the Planning Board, except for abandonment, variance or waiver of floor area, lot area, lot frontage, rear yard, set back, or side yard requirements as to any specific property, shall be accompanied by a written petition signed by 50% of the owners of property within the following radii . . . ." After specifying the radii, "measured from the geometric center of the property in question" and varying from 500 feet in business and industrial zones to 1200 feet in residential zones A and AA, the subsection continues: "No application . . . shall be heard unless presented with such signature petition which shall be verified under oath

by the applicant" and filed at least twenty-one days before hearing.

In the view which we take of the case, the decisive question is whether the ordinance, in so far as it requires as a condition precedent to the granting of a permit the prescribed consent of property owners other than the applicant, violates the constitution of this state and the fourteenth amendment to the constitution of the United States. We confine our discussion to this issue. The practical effect of the mandatory requirement that the plaintiffs obtain the consent of 50 per cent of the owners specified is apparent. It means that a refusal by 51 per cent of these owners can effectively destroy the privilege of a liquor use, even though in all other respects the property conforms to the requirements of the zoning laws. In effect, therefore, the consent clause confers upon the 51 per cent the power to determine, in this particular, the use the plaintiffs may make of their property. It accomplishes this by enabling the 51 per cent to prevent the board from hearing the application. Unless the board granted the application, the use would be prohibited under the ordinance and the commission would not grant a permit. General Statutes § 4262. Furthermore, since no standard whatever is prescribed to guide, limit or control the reactions of those comprising the 51 per cent, a decision by them based upon whim, fancy, prejudice, caprice or other ill-founded motive would suffice under the ordinance. Whatever term may be applied to designate the power of consent so accorded, it cannot be questioned that if such an unrestricted discretion was conferred upon a duly constituted administrative board it would be unconstitutional for lack of adequate standards. *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A. 2d 586; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540, 45 A. 2d

828. A fortiori, the same holds true of the grant to these property owners of a discretion to prevent the use of the plaintiffs' premises for a package store.

The defendant town recognizes this but claims that in view of all of the provisions of the ordinance it appears that no standards are requisite, for the consent provision does not empower the 51 per cent to impose restrictions but is effective only to permit the waiver of an existing restriction. This claim is predicated upon the principle enunciated in the leading case of *Cusack Co.* v. *Chicago,* 242 U. S. 526, 37 S. Ct. 190, 61 L. Ed. 472, in contradistinction to that in the case of *Eubank* v. *Richmond,* 226 U. S. 137, 33 S. Ct. 76, 57 L. Ed. 156. To quote from the town's brief: "The rationale of these decisions is that where an ordinance permits a percentage of neighboring property owners to impose restrictions upon the use of a specific piece of property, there is an unlawful delegation of legislative power. On the other hand, however, where an ordinance permits a percentage of the neighboring property owners to remove or waive a restriction lawfully placed upon the use of property in that area, there is no unlawful delegation, but rather merely 'a familiar provision affecting the enforcement of laws and ordinances.' "

The court in the *Cusack* case (p. 531), in explaining the reason for the different result there reached from that in the *Eubank* case, used this language: "A sufficient distinction between the ordinance there considered and the one at bar is plain. The former left the establishment of the building line untouched until the lot owners should act and then made the street committee the mere automatic register of that action and gave to it the effect of law. The ordinance in the case at bar absolutely prohibits the erection of any billboards in the blocks designated, but permits this prohibition to be modified with the consent of the persons

who are to be most affected by such modification. The one ordinance permits two-thirds of the lot owners to impose restrictions upon the other property in the block, while the other permits one-half of the lot owners to remove a restriction from the other property owners. This is not a delegation of legislative power, but is, as we have seen, a familiar provision affecting the enforcement of laws and ordinances." The test has been well expressed in these words: "If the existence of the law depends upon the vote or act of the people it is an unconstitutional delegation of legislative power, but if the law is complete in and of itself the fact that it provides for the removal or modification of its prohibition by the act of those most affected thereby, does not make it a delegation of legislative power." *Myers* v. *Fortunato,* 12 Del. Ch. 374, 375, 110 A. 847; see *Washington ex rel. Seattle Title Trust Co.* v. *Roberge,* 278 U. S. 116, 122, 49 S. Ct. 50, 73 L. Ed. 210; *Carter* v. *Carter Coal Co.,* 298 U. S. 238, 310, 56 S. Ct. 855, 80 L. Ed. 1160; *Currin* v. *Wallace,* 306 U. S. 1, 15, 59 S. Ct. 379, 83 L. Ed. 441; Yokley, Zoning Law & Practice, p. 551.

These statements of the rule and of the reason for it make clear that an absolute prohibition under an ordinance is essential to render the consent provision valid as providing for waiver. The ordinance in the present case cannot be construed as containing such a prohibition. Section 3 permits in business zones any use not expressly prohibited, and the sale of liquor in them is not among the prohibited uses. Accordingly, not only does § 7 A recognize that the sale of alcoholic liquors is permissible in a business zone but subsections B, D, G and J, as well as K, are devoted to the granting of permits therefor. As was said by the court in holding a similar consent provision unconstitutional, after referring to the lack of any prohibition, "in fact, by

implication, such business is permitted with the sole limitation and condition of obtaining the consent provided for by the ordinance." *Smith* v. *Barrett,* 81 Utah 522, 530, 20 P. 2d 864. Nor, of course, can the possibility that failure to obtain consent of the requisite 51 per cent will prevent getting the permit constitute the essential prohibition, for that would be a prohibition "not in obedience to the will of the responsible governing body of the city, but at the instance or because of the inaction of an individual or of individuals who might be influenced by caprice or malice or favoritism or ignorance, or access to whom on account of their absence or other cause might be impossible." *State ex rel. Omaha Gas Co.* v. *Withnell,* 78 Neb. 33, 36, 110 N. W. 680. Finally, the ordinance not only does not prohibit the sale of liquor in the town, at least in a business zone, but it could not, for § 4231 of the General Statutes provides that "The sale of alcoholic liquor . . . shall be permitted in any town in the state until" declared otherwise by vote of a town meeting under § 4232. See *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 292, 56 A. 2d 645.

Our conclusion that the ordinance contains no such prohibition is decisive that the defendant town cannot prevail upon its argument that the ordinance is constitutional. In most of the cases cited by it, either the ordinance contained an absolute prohibition or there were other distinguishing facts. The weight of authority appears to be in accord with the conclusion which we have reached. See note, 119 A. L. R. 1462.

There is no error.

In this opinion the other judges concurred.