## MEYER SCHWARTZ ET AL. *v.* JOHN C. KELLY ET AL., LIQUOR CONTROL COMMISSION

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 2—decided July 21, 1953

*H. L. Koizim* and *G. A. Vardamis,* with whom, on the brief, were *A. D. Slavitt* and *Robert A. Slavitt,* for the appellants (plaintiffs).

*Louis Weinstein,* assistant attorney general, with

whom, on the brief, was *William L. Beers,* deputy attorney general, for the appellees (defendants).

*Joseph E. Klau,* with whom, on the brief, were *E. Gaynor Brennan, Joseph K. Sherman* and *David M. Shea,* argued the cause as amicus curiae.

INGLIS, J. In this action the plaintiffs, a group of package store permittees, seek to enjoin the liquor control commission from enforcing Public Act No. 200, enacted by the 1951 General Assembly (General Statutes, Cum. Sup. 1951, §§ 904b-907b). The trial court rendered judgment for the defendants and from that judgment the plaintiffs have appealed.

The act in question provides that no out-of-state shipper, manufacturer or wholesaler permittee shall sell or offer for sale any alcoholic liquor the container of which bears a label stating the brand or the name of the owner or producer, unless a schedule of minimum consumer resale prices for each brand has been filed with the liquor control commission and such schedule is then in effect. An exception is made providing that permission for such sale or offer may be granted by the liquor control commission "for good cause shown and for reasons not inconsistent with the purposes of [the act], and under such terms and conditions as the liquor control commission deems necessary." Cum. Sup. 1951, § 904b.

The schedules of retail prices so filed are to continue operative for such periods as the commission shall specify, not exceeding four months, and are to be given wide publicity in various prescribed ways. The act further provides: "No permittee authorized to sell alcoholic liquor at retail for off-premises consumption shall sell, offer to sell, solicit an order for or advertise any alcoholic liquor at a price less than

a minimum consumer resale price then in effect, unless written permission of the liquor control commission is granted for good cause shown and for reasons not inconsistent with the purposes of [the act], and under such terms and conditions as the liquor control commission deems necessary." § 904b (c). The commission is authorized (§ 905b) to adopt regulations for the enforcement of the act and to permit noncompliance when practical difficulties or unnecessary hardships will otherwise ensue. A violation of the act or any regulation thereunder is punishable by suspension or revocation of the violator's permit and by other penalties. § 906b.

The claim of the plaintiffs is that the act is unconstitutional on three grounds: (1) It violates the due process clauses of both the federal and the state constitutions, (a) because it is not within the police power and (b) because it is discriminatory; (2) it provides for an improper delegation of legislative power; (3) it contravenes the interstate commerce clause of the federal constitution.

In passing upon the constitutionality of a statute, a court is bound to make every presumption and intendment in favor of the statute and to sustain it unless it is clearly invalid. *Northeastern Gas Transmission Co.* v. *Collins,* 138 Conn. 582, 586, 87 A.2d 139; *Mills* v. *Gaynor,* 136 Conn. 632, 637, 73 A.2d 823; *Lyman* v. *Adorno,* 133 Conn. 511, 514, 52 A.2d 702. This fundamental principle applies with full force in the determination whether a statute is within the police power and, therefore, does not deprive a person of his liberty or property without due process of law. In such a consideration it is not for the court to pass upon the economic advantages or disadvantages of the statute. It is not for the court to say whether the legislation is wise. The

court's only function is to determine whether the object of the enactment is within the power of the legislature and, if so, whether the particular statute bears a reasonable and substantial relation to the object sought to be accomplished and is neither arbitrary nor discriminatory. *Carroll* v. *Schwartz,* 127 Conn. 126, 129, 14 A.2d 754.

Although the act here in question does not contain a statement of the objects sought to be accomplished, the purposes which the General Assembly had in mind in adopting it are easily discernible. They were both to promote temperance in the consumption of intoxicating liquor and, by stabilizing the industry, to encourage observance of the Liquor Control Act by those who are permitted to sell liquor not to be consumed on the premises. It may reasonably be presumed that, without the establishment of a minimum retail price for branded liquor, price wars among retail dealers are apt to occur. The cutting of prices which occurs during such wars may induce persons to purchase, and therefore consume, more liquor than they would if higher prices were maintained. Moreover, the cutthroat competition which ensues is apt to induce the retailers to commit such infractions of the law as selling to minors and keeping open after hours in order to withstand the economic pressure. To prevent the occurrence of such conditions promotes public health, safety and welfare. Like all reasonable restrictions on the liquor traffic, such a purpose is well within the police power of the state. *Francis* v. *Fitzpatrick,* 129 Conn. 619, 621, 30 A.2d 552; *State* v. *Zazzaro,* 128 Conn. 160, 166, 20 A.2d 737; *Crowley* v. *Christensen,* 137 U.S. 86, 90, 11 S. Ct. 13, 34 L. Ed. 620.

To accomplish this purpose, the General Assembly has, in this instance, adopted the method of per-

mitting wholesalers to fix minimum prices at which each brand of liquor may be sold at retail. Price fixing is well recognized as a method reasonably suited to effectuate such a purpose and, therefore, is not a violation of due process. *Burroughs Wellcome & Co.* v. *Johnson Wholesale Perfume Co.,* 128 Conn. 596, 601, 24 A.2d 841; *Nebbia* v. *New York,* 291 U.S. 502, 537, 54 S. Ct. 505, 78 L. Ed. 940. Clearly, the act which requires wholesalers as a condition of doing business in this state to schedule minimum prices at which their brands of liquor may be sold and prohibits permittees from selling at retail for less than those prices is within the police power of the state.

Legislation, even though it is within the police power, may be violative of due process if it is discriminatory in that it deals differently with different classes of persons without the existence of some natural and substantial difference, germane to the subject and purposes of the legislation, between those within the class included and those whom it leaves untouched. *State* v. *Cullum,* 110 Conn. 291, 295, 147 A. 804; *Lyman* v. *Adorno,* 133 Conn. 511, 521, 52 A.2d 702. The plaintiffs claim that the act now before us indulges in such discrimination. The fact that the act treats those who deal in intoxicating liquor differently from those who deal in other commodities cannot be the basis for such a claim. Since the liquor traffic is a possible source of danger to the public which is not inherent in other businesses, those who engage in it constitute a class which is subject to regulations which might not be properly applicable to others. *Francis* v. *Fitzpatrick,* 129 Conn. 619, 621, 30 A.2d 552.

So far as wholesalers are concerned the act is not discriminatory, because wholesalers of liquor are

all treated alike. They must all file their schedules of prices. See *State Board of Equalization* v. *Young's Market Co.,* 299 U.S. 59, 61, 57 S. Ct. 77, 81 L. Ed. 38. The act does make a differentiation between permittees for the retail sale of liquor not to be consumed on the premises and other retail permittees. It does not apply to the latter. There is, however, a reasonable distinction between the two classes. There is not the same likelihood of a price war with its attendant evils among those who sell liquor by the drink as there is among those who sell it by the package. This distinction is one which is germane to the purposes of the legislation. To make illegal the retail sale of liquor at less than a minimum price by permittees authorized to sell for off-premises consumption only is not discriminatory to the extent that the act is thereby rendered unconstitutional.

Since the act is within the police power and is not discriminatory, it is not violative of the due process provision of the state constitution. Art. I, § 9. For the same reasons, it is not in violation of the due process provision contained in § 1 of the fourteenth amendment to the United States constitution. It has been uniformly held in other jurisdictions that similar statutes do not deprive a person of liberty or property without due process of law. *Gipson* v. *Morley,* 217 Ark. 560, 567, 233 S.W.2d 79; *Reeves* v. *Simons,* 289 Ky. 793, 796, 160 S.W.2d 149; *Gaine* v. *Burnett,* 122 N.J.L. 39, 43, 4 A.2d 37; see *Matter of Levine* v. *O'Connell,* 275 App. Div. 217, 220, 88 N.Y.2d 672.

The second broad claim of the plaintiffs is that the act is unconstitutional because it delegates legislative powers both to the wholesalers of intoxicating liquor and to the liquor control commission without pre-

scribing standards to control the exercise of those powers. See *State* v. *Stoddard*, 126 Conn. 623, 628, 13 A.2d 586. The act affects the wholesalers in only two ways. In the first place, it prohibits their doing business in this state until they have filed their schedules of retail prices. In the second place, it protects the property rights which they have in their respective brand names by prohibiting the sale of their branded liquors at cut rates. In filing the schedule of minimum retail prices to be charged for their liquor, they are not legislating. They are merely complying with the law enacted by the General Assembly. Their fixing of prices, by itself, does not have the force of law. It is the General Assembly that has directed that retailers shall not sell for less than the established prices. There has been no delegation of legislative powers to the wholesalers. *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corporation*, 299 U.S. 183, 194, 57 S. Ct. 139, 81 L. Ed. 109.

The claim that the liquor control commission is given legislative powers without controlling standards rests on the fact that the act permits the commission to waive the requirements of the act as to both wholesalers and retailers in special cases. The weakness of this contention lies in that there is a distinction, well recognized in the law, between statutes which delegate to an administrative board the power to put the statutory requirements into effect and statutes which merely give to such a board the power to waive the requirements. Where the delegation is simply of the power to waive the provisions of the statute, the constitution does not require that standards to guide the granting of the waiver be set forth in the statute. *Dupont* v. *Liquor Control Commission*, 136 Conn. 286, 290, 71 A.2d 84; *Thomas*

*Cusack Co.* v. *Chicago,* 242 U.S. 526, 531, 37 S. Ct. 190, 61 L. Ed. 472. The act in question is not unconstitutional by reason of any delegation of legislative powers.

Finally, the plaintiffs contend that, inasmuch as the act purports to limit the transportation of goods between the states, it invades the field reserved to the Congress by the interstate commerce clause of the federal constitution (Art. I § 8) and does so in a way which is violative of the Sherman Antitrust Act (26 Stat. 209, as amended, 15 U.S.C. § 1). Their argument is based on *Schwegmann Bros.* v. *Calvert Distillers Corporation,* 341 U.S. 384, 71 S. Ct. 745, 95 L. Ed. 1035. In that case the provision of the Louisiana Fair Trade Act (La. Gen. Stat. Ann. § 9809.1 [1939]) which required retailers to sell any branded product at a price specified by the wholesaler whenever any one retailer in the state had agreed with the wholesaler to sell the product at that price was held invalid.

The decision has no application to the case at bar. In the first place, the Fair Trade Act was brought into operation by a contract between a wholesaler and a retailer. Such a contract was a voluntary combination and for that reason, in so far as it affected interstate commerce, it was within the activities proscribed by the Sherman Act. The act under consideration does not come into operation by virtue of any agreement or combination among individuals. It is the act of each individual wholesaler acting independently which determines the minimum price to be charged by the retailers for his brand of liquor.

In the second place, the Louisiana Fair Trade Act applied to branded goods of all kinds. The act now before us applies only to branded intoxicating liquor. The difference is vital. The twenty-first amendment

to the United States constitution provides in § 2: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." The effect of this is to override the limitations contained in the commerce clause of the federal constitution in so far as state legislation controlling the importation of intoxicating liquor is concerned. By virtue of the twenty-first amendment the states are free to enact laws prohibiting, restricting or regulating the bringing of intoxicating liquors into their territories completely unfettered by the commerce clause. *United States* v. *Frankfort Distilleries, Inc.*, 324 U.S. 293, 300, 65 S. Ct. 661, 89 L. Ed. 951 (concurring opinion by *Frankfurter, J.*); *Ziffrin, Inc.* v. *Reeves,* 308 U.S. 132, 138, 60 S. Ct. 163, 84 L. Ed. 128; note, 138 A.L.R. 1150, 1151; see *Ruppert* v. *Liquor Control Commission,* 138 Conn. 669, 674, 88 A.2d 388; *Downer* v. *Liquor Control Commission,* 134 Conn. 555, 559, 59 A.2d 290. It follows that the act now before us, even though it imposes a condition upon the importation into this state of alcoholic liquors, in no way contravenes the interstate commerce clause of the United States constitution.

There is no error.

In this opinion the other judges concurred.