Frank A. Gulotta, J.
This is a proceeding, pursuant to article 78 of the Civil Practice Act, to compel the respondent, the Board of Zoning Appeals of the Incorporated Village of Bast Hills, to hear and determine the application of the petitioner to be permitted to use certain premises as a gasoline service station.
The parcel in question is in a Business “ B ” District wherein a gasoline station is a permitted use provided a special exception is granted by respondent. Subdivision 12:2:2 of article XII of the Building Zone Ordinance requires, amongst other things, that any petition submitted to respondent for such an exception must be accompanied ‘ ‘ by the written consent of 80% in number of the owners and mortgagees of all property within two hundred (200) feet of any portion of the lot or plot on which the automobile service station is to be erected ”,
Petitioner submitted its application for consideration by the respondent with .the written consents of a little more than 50% of the owners and mortgagees in the required area. The application was returned on the ground that the required consents were a condition precedent to the acquisition of jurisdiction and refused to entertain it. Matter of Epstein v. Weisser (278 App. Div. 668, affd. 302 N. Y. 916) is squarely in point and requires a denial of this application.
Considered as a Federal question under the 14th Amendment, it has likewise been held that the reposal of a right to approve or disapprove a particular real property use in a certain percentage of the neighboring property owners, is not repugnant to the “due process clause ’ ’ or to the “equal protection of laws clause ’ ’ of the Constitution where the use is such that it may be prohibited altogether under the police power of the State. (Cusack Co. v. City of Chicago, 242 U. S. 526.) The theory being that where the prohibition has a real and substantial relation to public health, safety or morals no one can complain that he has been prejudiced when the relaxation of the prohibition is made to depend on neighbors’ consent. The use proscribed in the Cusack case was for an advertising billboard in a residential zone and the power to prohibit gasoline service stations in business zones is too well settled at this date, to question the validity of the analogy between these two cases.
*966 In Seattle Trust Co. v. Roberge (278 U. S. 116), a provision requiring that a home for the aged poor procure consents from owners of two thirds of the property within 400 feet as a condition precedent for a permit, to erect a home in a residential zone, was struck down.
It was pointed out that there had been no legislative determination. that the proposed use was inconsistent with public health, safety, morals or general welfare and the terms of the enactment plainly implied that it was not.
Therefore to make the right to a permit depend on neighbors ’ consent, who were free to withhold it for arbitrary or selfish reasons, was a violation of the 14th Amendment.
Whether the home could have been validly excluded from the district unconditionally was expressly left open.
An interesting argument might he made here that the classification of a gas station as a “ permitted use ” when allowed as a “ special exception ” in a business zone makes this case more like'the Seattle Trust Co. case than the Cusack case, since it is a legislative determination that the. use is not inharmonious with the general zoning plan.
’ However, I regard the Epstein case which held just such an ordinance (even to the point that it prevented the petitioner from being heard) valid, as precluding any reconsideration of this problem by this court. Application denied. Short-form order signed.